IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

TERRANCE MCGEE,

CASE NO.:_____

       Plaintiff,

vs.

LEE COUNTY d/b/a LEETRAN

       Defendant.

_____/

## COMPLAINT

    Plaintiff, TERRANCE MCGEE (MCGEE), by and through his undersigned counsel, sues

Defendant, LEE COUNTY d/b/a LEETRAN (LEETRAN), and states as follows:

## INTRODUCTION

    1.    This is an action for compensatory damages and declaratory and injunctive relief

against LEETRAN for violations of Title II of the Americans with Disabilities Act, 42 U.S.C.

§12131, *et seq.* (the "ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation

Act"), 29 U.S.C. § 794, *et seq.*, which prohibit discrimination against persons with disabilities.

## PARTIES, JURISDICTION, AND VENUE

    2.    MCGEE is an individual and a resident of the State of Florida.

    3.    MCGEE is legally blind.   This impairment substantially limits several of

MCGEE'S major life activities, including but not limited to, seeing and reading. MCGEE is

considered an individual with a "disability" under the ADA and the Rehabilitation Act.   42

U.S.C. § 12131(2).

4.      LEETRAN is a department of Lee County, Florida that operates a public transit system.

5.      LEETRAN's headquarters is located at 6035 Landing View Rd., Fort Myers, FL 33907.

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 for violations of the ADA and Rehabilitation Act.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## BACKGROUND OF LEETRAN

8.      LEETRAN operates eighteen (18) fixed-route service bus routes, a paratransit service for the disabled called Passport, and an employer vanpool program.

9.      For LEETRAN's fixed-route service, it offers discounted fares for individuals with mental and/or physical disabilities.  However, LEETRAN requires a LEETRAN photo I.D. card to receive the discount.

10.      Upon information and belief, LEETRAN receives federal financial assistance from the Federal Transit Administration ("FTA") and/or the Department of Transportation ("DOT").

## INDIVIDUAL ALLEGATIONS

11.      On July 9, 2013, MCGEE attempted to ride a LEETRAN bus for transportation on Route 110.   As he boarded, the driver asked MCGEE to provide a LEETRAN I.D. card or bus pass.

12.     In response, MCGEE asked the driver why this was necessary, as he was prepared to pay the full-price required fare.  The driver instructed MCGEE to read a sign and did not provide any elaboration.  MCGEE then explained that he could not read the sign because he was blind.

13.     When MCGEE could not produce a LEETRAN I.D. or bus pass, the driver refused to let him board the bus.  As a result, MCGEE was forced to navigate oncoming traffic to return to the bus stop.

14.     On July 10, 2013, MCGEE again attempted to ride a LEETRAN bus for transportation on Route 110.  As he boarded, the driver asked MCGEE for an I.D. card or bus pass.

15.     In response, MCGEE asked the driver why this was necessary, as he was prepared to pay the required fare. The driver instructed MCGEE to read a sign and did not provide any elaboration. Once again, MCGEE explained that he could not read the sign because he was blind.

16.     When MCGEE could not produce a LEETRAN I.D. card or bus pass, the driver refused to let him board the bus.  As a result, MCGEE was forced to navigate oncoming traffic to return to the bus stop.

17.     On each attempted trip, MCGEE had the exact fare required for an adult, was willing to pay the full price, and did not seek any discounted rate.

18.     On each attempted trip, MCGEE was refused the services of LEETRAN solely by reason of his disability.

19.     MCGEE wishes to use LEETRAN in the future, once it comes into compliance with the ADA and Rehabilitation Act.

## COUNT I—VIOLATION OF TITLE II OF
## THE AMERICANS WITH DISABILITIES ACT

20.    MCGEE re-alleges and incorporates the allegations of Paragraphs 1-19 above as if fully set forth herein.

21.    Title II of the ADA, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

22.    As set forth above, MCGEE is considered an individual with a disability within the meaning of 42 U.S.C. § 12102.

23.    MCGEE is also a "qualified individual with a disability" under 42 U.S.C. § 12132(2) because he meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by LEETRAN.

24.    A "public entity" includes state and local governments, their agencies, and their instrumentalities.   42 U.S.C. § 12131(1).   LEETRAN qualifies as a public entity within the meaning of 42 U.S.C. § 12131 and is subject to Title II of the ADA.

25.    LEETRAN controls the policies, procedures, and practices followed by its employees related to individuals with disabilities seeking to use LEETRAN's transit system.

26.    LEETRAN has discriminated against MCGEE in violation of Title II of the ADA, 42 U.S.C. 12132 by denying MCGEE the benefits of the services, programs, or activities provided by LEETRAN because of his disability.

27.    Through the actions/inactions described herein, LEETRAN is discriminating against MCGEE in violation of Title II of the ADA, 42 U.S.C. § 12132.

28.    LEETRAN'S conduct constitutes an ongoing and continuous violation of the ADA and unless restrained from doing so, LEETRAN will continue to violate the ADA.

29.    MCGEE has no adequate remedy at law and unless the relief requested herein is granted, he will suffer irreparable harm in that he will continue to be discriminated against and denied access to LEETRAN.

30.    Pursuant to 42 U.S.C. § 12133, this Court is provided with authority to grant MCGEE declaratory and injunctive relief.

31.    LEETRAN has acted with deliberate indifference to MCGEE's rights under the ADA.  As a result of LEETRAN's actions and/or inaction, MCGEE has suffered emotional distress and mental anguish.

32.    Under federal law, this Court may award compensatory damages for the deliberate indifference of a plaintiff's ADA rights.  *See, Ferguson v. City of Phoenix*, 157 F.3d 668 (9th Cir. 1998) (holding that compensatory damages are available under Title II of the ADA and the Rehabilitation Act for intentional discrimination); *Liese v. Indian River County Hospital District*, 701 F.3d 334 (11th Cir. 2012) (adopting "deliberate indifference" standard for determining intentional discrimination under the Rehabilitation Act).

33.    Pursuant to 42 U.S.C. § 12205, MCGEE is entitled to be awarded his reasonable attorneys' fees.

## COUNT II—VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794, ET SEQ.

34.    MCGEE re-alleges and incorporates the allegations of Paragraphs 1-19 above as if fully set forth herein.

35.    Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability,

be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794.

36.     An "individual with a disability" is defined under the statute, in pertinent part, as "an individual who has a physical or mental impairment that substantially limits one or more major life activities of such individual." 29 U.S.C. § 705(20)(B) (referencing 42 U.S.C. § 12102). "Otherwise qualified" means a person who meets the essential eligibility requirements for participation in, or receipt of benefits from, that program or activity. 28 C.F.R. § 39.103.

37.     MCGEE is a qualified individual with a disability within the meaning of the applicable statutes.  MCGEE is otherwise qualified to participate in the services offered by the LEETRAN.

38.     Upon information and belief, at all material times, LEETRAN has received federal financial assistance within the meaning of 29 U.S.C. § 794(a).

39.     LEETRAN is a "program or activity" within the meaning of 29 U.S.C. § 794(b) because it is an operation of "a department, agency, special purpose district or other instrumentality of a State or of a local government."

40.     Solely by reason of his disability, MCGEE has been, and continues to be, subjected to discrimination by LEETRAN.  LEETRAN'S acts or inactions result in unequal access to the programs, services, and activities provided by LEETRAN in violation of 29 U.S.C. § 794, *et seq.*, and the regulations promulgated thereunder, 34 C.F.R. Pt. 104 *et seq.*

41.     MCGEE has no adequate remedy at law, and unless the relief herein is granted, MCGEE will suffer irreparable harm in that he will continue to be discriminated against and denied access to the program or activity operated and overseen by LEETRAN.

42.    LEETRAN has acted with deliberate indifference to MCGEE'S rights under the Rehabilitation Act.  As a result of LEETRAN'S actions and/or inaction, MCGEE has suffered emotional distress, and mental anguish.

43.    Under federal law, this Court may award compensatory damages for the deliberate indifference of a Plaintiff's rights under the Rehabilitation Act.  *See, Ferguson v. City of Phoenix*, 157 F.3d 668 (9th Cir. 1998); *Liese v. Indian River County Hospital District*, 701 F.3d 334 (11th Cir. 2012).

44.    Pursuant to 29 U.S.C. § 794a of the Rehabilitation Act, MCGEE is entitled to an award of his reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, MCGEE respectfully requests:

a)     The Court issue a Declaratory Judgment that determines that LEETRAN is in violation of Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794, et seq. and Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12131, *et seq*;

b)     Injunctive relief against LEETRAN, including an order requiring LEETRAN to immediately comply with Section 504 of the Rehabilitation Act and Title II of the ADA by providing individuals with disabilities, such as MCGEE, equal access to the services provided by LEETRAN;

c)     An award of compensatory damages for MCGEE'S emotional distress, and mental anguish;

d)     An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and/or 29 U.S.C. § 794a of the Rehabilitation Act; and

e)      Such other relief as the Court deems just and proper, and/or is allowable under the

Rehabilitation Act and/or Title II of the ADA.

## DEMAND FOR TRIAL BY JURY

MCGEE hereby demands a trial by jury on all issues so triable.

Dated: September 4, 2013

By:   _____
      David S. Oliver
      Florida Bar No. 521922
      **MORGAN & MORGAN, P.A.**
      20 North Orange Avenue, Suite 1600
      P.O. Box 4979
      Orlando, FL  32802
      Telephone: 407.849.2972
      Facsimile: 407.418.2048
      Doliver@forthepeople.com
      *Attorney for the Plaintiff*